The ulterior disposition and the power of sale may be disregarded in view of the fact that Roberts survived his wife. The provision in favor of Roberts is valid irrespective of the validity of the residue of the trust deed, and no objection can be successfully urged against his title.

Judgment on submitted case for plaintiff, with costs; that defendant accept the deed tendered him, and that he pay the balance of the purchase money with interest from October 23, 1894, upon payment by the plaintiff of the mortgages outstanding upon the property.

---

84 337
156a 668

DAVID SANDMAN, Respondent, v. HORACE SEAMAN and Another, Appellants.

*Fraudulent conveyance by a debtor — constructive imprisonment, when terminated by operation of law — suspension of a creditor's remedy during its continuance — objection taken too late.*

The fact that a debtor, while putting off the payment of his debt, transfers and conveys to his wife property of the value of $4,000 for a consideration of $1,000 is sufficient to warrant the inference of a fraudulent intent on his part in disposing of his property, if, by so doing, he deprives himself of all power to pay his obligation. (DYKMAN, J., dissenting.)

The constructive imprisonment of a debtor within the liberties of the jail is terminated by operation of law under the provisions of section 111 of the Code of Civil Procedure upon the expiration of six months after the imprisonment began.

The taking of the body of a debtor on execution bars the creditor from all other remedies for the collection of the debt so long as the imprisonment continues, but the objection that the remedy of a creditor was so suspended is made too late if made upon the trial of an action instituted by the creditor, when such trial takes place after the termination of the constructive imprisonment.

APPEAL by the defendants, Horace Seaman and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 11th day of April, 1894, upon the decision of the court rendered after a trial at the Queens County Special Term adjudging the conveyance of certain land by the defendant Horace Seaman to be fraudulent and void as to the plaintiff, and appointing a receiver to sell and dispose of the same.

*J. J. Bennett,* for the appellants.

*John S. Griffith,* for the respondent.

Judgment affirmed, with costs, on opinion of Special Term.

BROWN, P. J., and PRATT, J., concurred; DYKMAN, J., dissenting.

The opinion of the Special Term was as follows:

BARTLETT, J.:

The statement made by Horace Seaman upon his examination in supplementary proceedings, as to the consideration moving from his wife for the conveyance of the property to her, seems to me more credible than his statement on the trial of the present action. Assuming the consideration to have been $1,000, and having regard to the fact that there was a mortgage of $1,000 on the premises, she seems to have acquired the place for about $3,000 less than it was worth, for the evidence indicates that its value was not less than $5,000. This discrepancy is sufficient to warrant the inference of a fraudulent intent in disposing of it at a time when the owner was in debt to the plaintiff and was putting off the payment of his debt, especially when we find that by conveying this property away he deprived himself of all power to pay the obligation.

The constructive imprisonment of the defendant Horace Seaman within the liberties of the jail was terminated by operation of law, under section 111 of the Code of Civil Procedure, upon the expiration of six months after it began. That period had expired before this case came on for trial, and, hence, the defendant was not then constructively in custody. The taking of the body of a debtor in execution bars the creditor from all other remedy for the collection

of the debt so long as the imprisonment continues. (*Koenig* v. *Steckel*, 58 N. Y. 475.) It would seem, therefore, that the defendant might have obtained a stay of proceedings if he was on the limits when the summons was served. He does not appear, however, to have raised the objection that the remedies of the creditor were suspended, or to have brought the matter in any way to the attention of the court, until the trial, when it was too late, because, as already suggested, the constructive imprisonment had then come to an end. There must be judgment for the plaintiff, with costs, against the defendant Horace Seaman.

DYKMAN, J. (dissenting):

This is an appeal from a judgment entered upon a decision of a judge after a trial before him without a jury.

The action was brought to set aside a deed of conveyance of real property made by the defendant Horace Seaman to the defendant Estelle F. Seaman, who is his wife, upon the ground of fraud. The basal facts are these :

The plaintiff as the agent of Fisher & Levy sold a bill of goods to the defendant Horace Seaman in July, 1890, amounting to $129.25. The defendant Horace paid a part of the bill, and a balance of $89.27 remained unpaid in January, 1891. The plaintiff paid that balance to Fisher & Levy at the request of the defendant Horace Seaman, who promised the plaintiff to repay him in a few days.

Upon being requested to make such payment, the defendant Horace gave the plaintiff his promissory note for the amount, payable in three months, which the plaintiff accepted. When that note became due it was not paid, and the defendant Horace Seaman gave the plaintiff a new note for the amount of the old one and the accrued interest, payable in four months, and upon this last note the plaintiff obtained the judgment which forms the basis of this action.

On the 27th day of December, 1892, the defendant Horace Seaman was arrested and imprisoned in Raymond street jail in Kings county, upon an execution issued against his person upon the judgment of the plaintiff. He was admitted to the jail limits January 3, 1893, and it does not appear that he has ever been discharged therefrom. The amount of the judgment upon which he was imprisoned was $203.22.

On the 7th day of March, 1891, the defendant Horace Seaman executed to his wife a deed of conveyance of certain real property in Queens county, and the trial judge has found that such conveyance was executed and accepted for a consideration far below the actual value of the premises, and with the intent to hinder, delay and defraud the creditors of the husband, and especially the plaintiff.

There is no proof in the case of any intent to defraud creditors, except the inferences to be drawn from the transaction itself and the surrounding circumstances, and they are insufficient to justify an implication of fraud against the wife.

The evidence is uncontradicted which proves an indebtedness from her husband to her in a considerable sum of money, and the law is well settled that a *debtor* has a legal right to appropriate his property to the payment of one creditor in preference to another, and it follows that no fraud can be predicated upon such a transaction.

All the wife has done in this case is to receive a conveyance of the property in question from her husband in payment of his liability to her, and no fraud can be inferred against her therefor, because the law justifies her act. The only ground for an inference of fraud, or fraudulent intent against the husband, is the fact that the property was worth more at the time of the transfer than the husband owed his wife.

Assuming the fact to be so, is that a sufficient ground for the inference of a fraudulent intent? This deed can only be nullified for fraud, and cannot be set aside in this suit for inadequacy of consideration, yet that is all we have, and even that is not very glaring.

As we have seen above, a debtor may turn over property to pay one creditor in preference to another, and the exercise of that right signifies an intention to prevent that other from collecting his claim. The very act which the law authorizes has the effect to hinder and delay creditors who are not preferred. (*Jewett* v. *Noteware*, 30 Hun, 194.)

Our conclusion is that the finding of fraud is unsupported by evidence, and also that the title of the wife was unimpeached, because it appeared that there was a valuable consideration for the conveyance, and it did not appear that she was aware of any fraudulent intent on the part of her husband. (*Starin* v. *Kelly*, 88 N. Y. 421.)

Under such circumstances fraud cannot be imputed to the wife, and the conveyance to her cannot be disturbed.

We cannot determine the legal effect of the imprisonment of the defendant Horace Seaman upon the execution issued against his body upon the judgment of the plaintiff against him, because the facts are not set up in the answer in this action; and, although the evidence was introduced without objection and is contained in the record, we cannot order an amendment of the answer so as to make it conform to the proof, because the amendment would introduce a new defense.

Upon the first ground discussed the judgment should be reversed and a new trial granted, with costs to abide the event.