## ROCKEFELLER v. LAMORA.

(Supreme Court, Appellate Division, Third Department.   June 29, 1905.)

**1. PRIVATE PARKS—TRESPASS—ACTIONS FOR DAMAGES.**

The owner of a private park, established and maintained according to law, brought suit against a trespasser. He indorsed his summons in justice's court, "Action for a penalty," and in his complaint, after stating facts which, if true, would entitle him to the exemplary damages provided by Forest, Fish & Game Law (Laws 1900, p. 59, c. 20) § 203, providing for a recovery of exemplary damages not exceeding $25 for each trespass on private parks, alleged that defendant became liable for exemplary and actual damages in a specified sum. *Held*, that the action was for the damages given by the statute, and not for a common-law trespass.

**2. FISH AND GAME—PRIVATE PARKS—TRESPASS—ACTION FOR DAMAGES—STATUTORY PROVISIONS.**

Forest, Fish & Game Law (Laws 1900, pp. 56, 57, c. 20) §§ 185, 188, providing for actions for penalties under the act, in the name of the people, brought on order of the chief game protector or of a commissioner, and declaring that a private person, except the owner of premises on which a penalty is incurred, on giving security for costs, may recover any penalty imposed by the act (being found in article 10 of the act entitled "Prosecutions"), relate to the penalties incurred for the unlawful taking, of fish, birds, and animals protected by law, and have no application to an action for exemplary damages by the owner of a private park authorized by section 203, authorizing the recovery of exemplary damages not exceeding $25 for each trespass in a private park, in addition to actual damages.

**3. SAME—NOMINAL DAMAGES—DEFENDANT'S RIGHT TO COMPLAIN.**

A defendant sued for exemplary and actual damages for a trespass in a private park cannot complain of the fact that the jury awarded plaintiff nominal damages, while Forest, Fish & Game Law (Laws 1900, p. 59, c. 20) § 203, authorizes a recovery of $25 as exemplary damages in addition to the actual damages.

Appeal from Trial Term, Franklin County.

Action by William Rockefeller against Oliver Lamora. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Saunders & Saunders (J. Newton Fiero, of counsel), for appellant.

Kellas & Genaway (J. P. Kellas, of counsel), for respondent.

HOUGHTON, J.   This case has been twice before us on appeals by the plaintiff, and the questions then raised fully considered, first in 85 App. Div. 254, 83 N. Y. Supp. 289, and again in 96 App. Div. 91, 89 N. Y. Supp. 1.   The facts and claims of the parties were there fully stated, and it is unnecessary to repeat them.   The defendant now appeals from a verdict rendered against him by direction of the court.

The plaintiff moved for a direction of a verdict, and the defendant moved for a nonsuit.   Without the defendant asking to go to the jury upon any question, the court directed a verdict in favor of the plaintiff; leaving to the jury the question only as to whether the plaintiff should recover exemplary damages of $25 for each of three trespasses, or for only one trespass.   The jury rendered a

verdict against the defendant for 18 cents damages. The plaintiff rested content with this verdict, but the defendant moved to set it aside, and an order was subsequently entered denying that motion.

This appeal presents two questions not heretofore specially considered; the one being that the defendant was on a public highway running through plaintiff's park at the time of the alleged fishing and trespass, and the other that plaintiff cannot maintain an action for exemplary damages for trespass under the forest, fish, and game law, but that such right, if any exists, is in the people of the state, and not in the owner of the land.

With respect to the first claim, it is sufficient to say that the pretended highway was a mere path or trail leading to the fishing grounds, and was in no sense a public thoroughfare, so as to be or ever become a public highway. Besides, there was no request that the jury pass upon the question as to whether or not the path was a public highway upon which the defendant was justified in traveling or stopping.

The claim that the plaintiff has no right of action in his own name for trespass upon his own lands to recover the exemplary damages provided in section 203 of the forest, fish, and game law (Laws 1900, p. 59, c. 20) is based upon the language found in section 188, p. 57, of that law. The material portion of that section reads as follows:

"Sec. 188. Actions by Private Persons or Societies. A private person, except the owner or lessee of premises upon which a penalty is incurred, on giving security for costs to be approved by a judge of the court in which the action is brought, and any society or corporation for the protection of fish or game, may recover in his or its name any penalty imposed by this act, and shall be entitled in case of collection, to one-half of the recovery; the balance shall be paid to the commission. Notice of the commencement of such an action shall be given to the chief game protector within fifteen days after the service of the summons therein, and failure to give such notice shall be a defense to the action."

Section 185, p. 56, of the same act, provides that:

"Actions for penalties under this act shall be in the name of 'The People of the State of New York,' and must be brought on the order of the chief game protector or of a commissioner."

Sections 185 and 188 are found in article 10 of the law, which is headed "Prosecutions."

Section 203, which provides for the recovery of exemplary damages not exceeding $25 for each trespass committed, in addition to the actual damages sustained, is found in article 11 of the law, which provides for the laying out of private parks, and defines the rights of the owner therein.

The word "penalty" is not used in connection with the giving of exemplary damages in section 203. But the plaintiff indorsed his summons in the justice's court, "Action for a Penalty," and in his complaint, after stating all the facts which, if true, would entitle him to the exemplary damages provided by the statute, alleges that the defendant became liable for said penalty and exemplary and actual damages in the sum and amount of $55. It is plain that the

plaintiff intended to sue for the damages given by the statute, and not to bring his action for a common-law trespass, simply.

We think that the provisions of section 188 have no application to the bringing of an action for exemplary damages by the owner of a private park established and maintained according to law, and that he can bring an action for the exemplary damages provided in section 203 in his own name, and without permission of the chief game protector, or the forest, fish, and game commissioner. The provisions of article 10 in which sections 185 and 188 are found manifestly relate to the penalties incurred in the unlawful taking or killing or possession of the fish, birds, and animals protected by law. The people can have no interest in trespasses upon a private park. The exemplary damages given by the statute, and fixed at $25, are for the trespass, and not for the fish or game taken. It would be a strange construction of the statute to say that a person might establish and maintain a private park for the propagation and protection of fish and game, and that he was powerless to use the weapons given for its defense.

The jury gave the plaintiff but 18 cents, whereas they could have given him not exceeding $25. If the plaintiff is content with this, as he is, the defendant cannot complain that the verdict is too small. Where one party submits to a verdict, the other cannot be heard to insist that it shall be set aside because it is unjust to the one recovering. Wolf v. Goodhue Fire Ins. Co., 43 Barb. 400; Scheider v. Corby, 15 Hun, 493; Wood v. Belden, 54 N. Y. 658.

The judgment and order should be affirmed, with costs. All concur.