(111 App. Div. 848)

### LAWRENCE BROS. v. HEYLMAN et al.

(Supreme Court, Appellate Division, First Department. March 16, 1906.)

**1. FRAUDULENT CONVEYANCES—PRESUMPTIONS.**

A voluntary conveyance by one indebted at the time is presumptively fraudulent.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, §§ 186, 188, 189, 799.]

**2. SAME—PROOF.**

Fraud, as well as the fact of notice or knowledge, need not be established by direct evidence, but may be inferred from the circumstances.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, § 870.]

**3. SAME—GRANTEE'S INTENT—BURDEN OF PROOF.**

Where a grantor conveys property with intent to defraud his creditors, it is presumed that the intent was shared by the grantee, and the burden is on him to show that he was not only a purchaser for value and in good faith, but that he had no knowledge of facts which would put him on inquiry.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, § 817.]

**4. SAME—EVIDENCE—ADMISSIBILITY.**

In an action to set aside a deed as fraudulent against creditors, it appearing that the consideration was $4,000, there was no error in the admission of evidence that half of the property had been taken for the widening of the street, and that an award of $22,000 was made shortly after the conveyance.

**5. APPEAL—RIGHT TO APPEAL—JUDGMENT FAVORABLE TO APPELLANT.**

Where, in a suit to set aside a deed as fraudulent as against creditors, the evidence was sufficient to warrant the court in setting aside the deed entirely, defendants were not entitled to complain because the court declared the conveyance to be a mortgage, instead of setting it aside absolutely.

Ingraham and McLaughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Lawrence Bros. against Harriet A. Heylman and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Richard Krause, for appellants.
Ralph Earl Prime, Jr., for respondent.

HOUGHTON, J. The plaintiff is a judgment creditor of defendant Henry B. Heylman, and brings this action after return of execution to set aside a conveyance of real property made by him to his mother, appellant Harriet A. Heylman, or, in the alternative, to have the deed from him to her declared to be a mortgage only. While plaintiff's

original action was pending against him, and shortly before entry of judgment thereon, defendant Henry conveyed to appellant Harriet, who resided with him, real property which the trial court found to be of the value of $40,000, upon which there were incumbrances, including back taxes and mechanics' liens, amounting to $8,420.46, and which constituted all the property, real or personal, that he owned subject to execution, for the expressed consideration of $4,000; the deed not being recorded until some months after its date. Defendant Henry answered, but did not appear upon the trial. Appellant Harriet appeared, but was not sworn, and produced no witnesses. On the trial the plaintiff read the testimony of Henry given upon supplementary proceedings, and gave the substance of his testimony in another action, in both of which he detailed the transaction which resulted in his conveyance to his mother, and from which it appeared that no present consideration passed at the execution of the deed, but that it was given for a past indebtedness, claimed to be at least $5,000, which his mother had frequently importuned him to pay. Proof of the value of the premises was made by showing that the city had taken about one-half for the purpose of widening an avenue, and made an award of $22,597 therefor shortly after the conveyance. Independent proof was made that Henry, a lawyer, acted as agent for his mother in certain matters, including the premises in question. The trial court found that the transfer was for a grossly inadequate consideration, and, although absolute in form, was not intended to be an absolute conveyance, but only as security for whatever indebtedness might be owing from Henry to appellant, and that the value of the premises above the incumbrances was greatly in excess of such indebtedness, and that as to such excess the conveyance was made with intent to hinder, delay, and defraud the plaintiff. From the judgment in conformity with this finding Harriet appeals, alleging that there is no proof that she was a party to any fraud, or that the conveyance was not intended to be an absolute one, or that any case was made against her which called for explanation on her part.

We think the plaintiff made a prima facie case of fraud against the grantor, Henry. His declarations were, of course, competent against himself. Courts will scrutinize with care business transactions between parent and child. First Nat. Bank of Amsterdam v. Miller, 163 N. Y. 167, 57 N. E. 308. Inadequacy of price, when great, is a badge of fraud. Sandman v. Seaman, 84 Hun, 337, 32 N. Y. Supp. 338, affirmed 156 N. Y. 668, 50 N. E. 1122; Briggs v. Mitchell, 60 Barb. 288. A voluntary conveyance by one indebted at the time is presumptively fraudulent. Smith v. Reid, 134 N. Y. 569, 31 N. E. 1082. Fraud, as well as the fact of notice or knowledge, need not be established by direct evidence, but may be inferred from circumstances. Parker v. Conner, 93 N. Y. 119, 45 Am. Rep. 178. One is presumed to have intended the natural and inevitable consequences of his acts, and when those acts point to an intent to defraud creditors, it is the duty of the court to find in accordance with the presumption. Coleman v. Burr, 93 N. Y. 17, 31, 45 Am. Rep. 160; Smith v. Reid, 134 N. Y. 576, 31 N. E. 1082.

The plaintiff, having made a prima facie case of fraudulent intent on the part of appellant's grantor, it was incumbent upon her, in order to relieve herself from the presumption of fraud on her part, to prove

that she was a purchaser in good faith for a valuable consideration. Where a deed is executed with intent on the part of the grantor to defraud his creditors, a presumption arises that such intent was shared by the grantee, and it is incumbent upon the grantee to show that she was not only a purchaser for value and in good faith, but that she had no knowledge of facts which put her upon inquiry as to the grantor's intent. Gilmour v. Colcord, 96 App. Div. 358, 89 N. Y. Supp. 689; Bailey v. Fransioli, 101 App. Div. 140, 91 N. Y. Supp. 852.

The appellant makes no point upon the argument that the declarations of her grantor were improperly received, even as against herself; nor could she well do so, in view of the character of the objection which she made to the reception of such evidence. The objection was not on the ground that the declarations were hearsay as against her, but only upon the ground that they were incompetent because not properly sworn to or authenticated. This objection was not well taken, and she not only neglected to raise the point that they were hearsay as against her, but she afterwards introduced in her own behalf all this evidence which she had previously objected to. It is said, however, that, even if the declarations are properly in the case, they have no probative force as against her. If they proved fraud on the part of the grantor (as we think they legitimately did), and if the burden of explanation was thereby cast upon her, it is of no moment whether they are of probative force against her or not.

Nor do we think there was any error in the proof as to the value of the premises. Even if it cannot be inferred that the other half of the premises not taken in the condemnation proceedings were as valuable as the half which was taken, still there was a gross inadequacy of consideration, even if the $4,000 mentioned in the deed was actually due the appellant.

It is also urged that the court could not declare the conveyance to be a mortgage, but must set it aside absolutely, or let it stand as a valid conveyance. "It is an established doctrine that a court of equity will treat a deed absolute in form as a mortgage when it is executed as security for a loan of money. That court looks beyond the terms of the instrument to the real transaction." Mooney v. Byrne, 163 N. Y. 86, 92, 57 N. E. 163. The court might have set aside the deed entirely. That it gave to the appellant a judgment more favorable than she was entitled to is not a cause of complaint on her part. Where one party submits to a judgment, the other cannot be heard to insist that it shall be set aside because it is unjust to the one recovering it. Rockefeller v. Lamora, 106 App. Div. 345, 94 N. Y. Supp. 549.

Our conclusion is that the evidence was sufficient to sustain the findings of the court, and that the judgment must be affirmed, with costs. All concur, except INGRAHAM and McLAUGHLIN, JJ., who dissent.

INGRAHAM, J. I do not think that the deposition of the defendant Henry B. Heylman was competent evidence against the appellant, or that such deposition, which was admissible merely as declarations of the defendant Henry B. Heylman, was sufficient to sustain a recovery against the appellant. Such declarations were admissible as evidence,

as Henry B. Heylman had interposed an answer, and, while evidence against him, were incompetent against the appellant, and their admission did not tend to prove any fact which the plaintiff was bound to establish as against the appellant. As these declarations of Henry B. Heylman were the only evidence to sustain the plaintiff's cause of action, I think, as against this appellant, the complaint should have been dismissed. I therefore dissent.

McLAUGHLIN, J., concurs.