RAFSKY v. FREDERICK A. SMITH CO., Inc., et al.

(Supreme Court, Special Term, New York County. February 4, 1913.)

BILLS AND NOTES (§ 497*)—BONA FIDE PURCHASER—BURDEN OF PROOF.

A purchaser for a valuable consideration of notes given by a buyer for the price of goods, with knowledge of the terms of sale and of the seller's representations, must, to recover from the buyer, show that he acted in good faith and had no knowledge of the seller's fraud inducing the buyer to purchase.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. § 497.*]

Action by Irving Rafsky against the Frederick A. Smith Company, Incorporated, and another. Judgment for plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Deutsch & Peyser, of New York City, for plaintiff.
Wm. A. Schumacher, of New York City, for defendant Smith Co.
J. Lester Fierman, of New York City, for defendant Motor Finance Co.

NEWBURGER, J.  Plaintiff purchased from the defendant Smith Company an auto car truck for $1,100.  The agreement provided that the plaintiff should pay the same as follows:  Four hundred dollars in cash, and the balance of $700 in monthly installments of $100.  The agreement further provided that all parts of the car were to be perfect and to carry at least one ton.  After signing the agreement, Smith, the president of the company, stated to plaintiff that he could not finance the matter, and that he would have to call with him on the defendant Motor Finance Company to take care of the matter, to which the plaintiff replied:.

"If it will help you, I will go.  It makes no difference to whom I pay the notes."

Thereupon the parties called at the office of the Finance Company, informed Mr. Black, an officer of the company, of the agreement between plaintiff and the Smith Company, repeating the representation that Smith had made to the plaintiff, and showing Mr. Black the agreement.  Subsequently all the parties met in the office of the Motor Finance Company, and the notes and the chattel mortgage were signed by the plaintiff.  The plaintiff and his witnesses testified that the car was of a certain model, which is borne out by the chattel mortgage prepared by the Finance Company.  It also appears that Smith paid the finance company a bonus of 10 per cent., and that the sum of $700, the amount of the notes, was paid by the Motor Finance Company to the Smith Company, and no part thereof to the plaintiff.

The representations made by Smith as to the car were undoubtedly false and untrue, and that the Motor Finance Company had knowledge that such representations were made and were false there can be no question.  The mere fact that the Motor Company claims to have paid a valuable consideration for the notes is not sufficient.  It must not only show it has acted in good faith, but that it had no knowledge of the fraud from the inception of the transaction.  See Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402, 10 L. R. A. 676; Lawrence Bros. v. Heylman, 111 App. Div. 848, 98 N. Y. Supp. 121, affirmed 189 N. Y. 573, 82 N. E. 1128.  I therefore find that the plaintiff was induced to purchase the car through the fraudulent representation of the defendant Smith Company, and that the Motor Finance Company had knowledge of said fraudulent representation.

Judgment for plaintiff.  Findings signed.  Submit decree.