Gaetano Sabatino, Appellant, *v.* Peter Cannizzaro and Another, Defendants, Impleaded with Concetta Cannizzaro and Others, Respondents.

First Department, December 7, 1934.

*Robert Daru* of counsel [*Maurice Hellman* with him on the brief; *Charles Liebling*, attorney], for the appellant.

*Stanley I. LaCov* of counsel [*Friend & LaCov*, attorneys], for the respondents.

Martin, J. The plaintiff, a judgment creditor of the defendants Peter Cannizzaro and Concetta Cannizzaro, who were husband and wife, brought this action to set aside certain fraudulent conveyances of real and personal property. They borrowed about $2,000 from the plaintiff, for which they gave a note. The loan was renewed from year to year until 1929, when the Cannizzaros ceased paying interest.

In 1932 the plaintiff made efforts to bring about the repayment of the loan. In September of that year plaintiff had a talk with the debtors and demanded payment. On several later occasions in November and December of 1932 he renewed his demands but without success. Although said defendants did not deny the indebtedness, they refused to pay the amount due. They offered to pay monthly installments of fifty dollars, and when plaintiff refused such

a settlement, defendants informed him that they had transferred, or would transfer, all their property to their nineteen-year old son, the defendant Bennedetto Cannizzaro.

The plaintiff commenced an action on the note in the City Court and recovered a judgment in that action against both Peter Cannizzaro and Concetta Cannizzaro for $2,227.05. Execution was immediately issued on this judgment, and on February 10, 1933, it was returned unsatisfied as to both these defendants. It was thereafter learned by plaintiff that late in December, 1932, during the pendency of the action in which plaintiff had recovered the judgment against them, defendants had transferred all their property to their son.

On the trial it was established that the son lived with his parents; that the conveyances by Peter Cannizzaro and his wife had stripped them of all property; were all made on the same date, December 22, 1932, and each was made for a nominal consideration. The defendants in addition to their realty holdings, owned stock in the 45 Monroe Street Corporation and in the name of that corporation they held title to other real property. The stock in that corporation was also transferred to the nineteen-year old son. The defendant also caused the corporation, acting through Peter Cannizzaro, its president, to execute conveyances of its property to Bennedetto, the son. These conveyances were also made on December 22, 1932, which was about one month prior to the date of the entry of plaintiff's judgment.

After the discovery of the facts this action was commenced against the two judgment debtors, Peter Cannizzaro and Concetta Cannizzaro, and their son Bennedetto to whom they had transferred all of their property, the 45 Monroe Street Corporation and an individual named Guglielmo Giannone. At the trial there was a severance as to Peter Cannizzaro because of his death and the fact that no representative had been appointed for his estate, and the action was discontinued as to Giannone.

The evidence established a deliberate attempt to place the property beyond the reach of creditors. Samuel V. Sabatino, plaintiff's son, testified to a conversation between the parties as follows: " Q. What did your father say then? A. He said, ' If you don't pay me I am going to make my lawyer to sue.' He said, ' If you are going to sue me I am going to transfer everything over to my son and you wouldn't get a penny.' That is the exact words — ' penny; ' told his son right in front of me."

Examinations in supplementary proceedings were had and a transcript of the testimony of Concetta Cannizzaro was received in evidence on the trial of this action. The transcript of the

examination of her husband was excluded on defendant's motion because of his death during the pendency of this action.

In the examination in supplementary proceedings the defendant wife admitted she had transferred all of her stock in the 45 Monroe Street Corporation; that the son paid nothing for it; and she also admitted at the time of the examination, which was one week after the entry of the judgment and about one month from the date of the transfers in question, that she had no assets of any kind.

The trial court dismissed the complaint, stating that although the plaintiff had shown sufficient to create " plenty of suspicion," the defendants would not be required to explain these " suspicious transactions." The complaint, however, was dismissed without prejudice. The court at Special Term stated that the value of the property transferred had not been proved and that the statements contained in the examination in supplementary proceedings of Concetta Cannizzaro were not binding upon her son.

The law appears to be well settled that where a plaintiff cannot show an actual fraudulent intent on the part of the defendants, he establishes a *prima facie* case merely by proof of two facts, namely, that a voluntary conveyance was made without any consideration and that when made the grantor-debtor was indebted to the plaintiff. The proof here went far beyond such requirements.

The plaintiff's proof of an actual fraudulent intent of the defendants made a *prima facie* case and shifted to the defendant-grantee the burden of establishing his good faith in the transfer. The fact that the conveyances in question were voluntary and were made without consideration while the defendant Concetta Cannizzaro was indebted to the plaintiff, gives rise to the presumption that they were made in fraud of creditors.

In *Brody* v. *Pecoraro* (250 N. Y. 56) the Court of Appeals recently restated the rule to be applied in such cases as follows: " If the grantor made the conveyance with fraudulent intent, the burden was on the grantee to show that he had accepted it for value, in which event the plaintiffs might have had to prove that he had notice of the fraud."

In *Lawrence Brothers, Inc.,* v. *Heylman* (111 App. Div. 848; affd., 189 N. Y. 573) this court said: " Where a deed is executed with intent on the part of the grantor to defraud his creditors, a presumption arises that such intent was shared by the grantee, and it is incumbent upon the grantee to show that she was not only a purchaser for value and in good faith, but that she had no knowledge of facts which put her upon inquiry as to the grantor's intent."

There was much more than mere suspicion in this case. The proof established that the transfers were made with intent to defraud.

There was evidence to the effect that they were made to prevent the plaintiff from collecting any part of the money which he loaned the defendants.

The presumption to be drawn from the evidence that the conveyances were made in fraud of creditors was sufficient in any event to require the defendant to rebut, if possible, the plaintiff's testimony. It was error to dismiss the complaint.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.