ARTHUR P. BURCH, as Trustee in Bankruptcy of Ida Jeruss, Bankrupt, Appellant, v. IDA JERUSS et al., Respondents.— This action was originally brought by the President and Directors of the Manhattan Company, formerly known as Bank of Manhattan Trust Company, pursuant to article 10 of the Debtor and Creditor Law, to set aside conveyances of real property, situate in Westchester County. On October 5, 1931, judgments for $3,118.09 and $1,059.42 in favor of the Bank of Manhattan Trust Company and against Max Jeruss and Ida Jeruss, two of the defendants in the present action, and others, as defendants, were duly docketed in the office of the clerk of the City Court of the City of New York, Queens County. On or about October 31, 1931, execution was returned unsatisfied on the judgment for $3,118.09 by the Sheriff of the City of New York. Defendant Max Jeruss went through bankruptcy in 1931 and again in 1934 or 1935. The complaint in the present action alleges that the defendant Ida Jeruss became the owner of the real property involved in the action by deed dated April 7, 1947, and recorded April 15, 1947, from the corporate defendant, Silver Lake Building Corp. This allegation is not denied by the answer. On July 27, 1950, Aurora Construction Company, not a party to this action, filed, in the County Clerk's office, Westchester County, a *lis pendens* and a transcript of a judgment in its favor rendered in the Supreme Court, Queens County, on or about July 28, 1931, against Max Jeruss and Ida Jeruss, two of the defendants in this action, and others, as defendants, and subsequently issued execution on such transcript. There is testimony that at the time this execution was issued defendant Max Jeruss was told by his attorney that the execution could be set aside as not having been legally issued, that the judgment would have to be satisfied, and

that in the meantime the defendant Ida Jeruss should reconvey the property to the corporate defendant, to make it easier to deal with the judgment creditor, Aurora. The execution was set aside. It is alleged in the complaint that defendant Ida Jeruss reconveyed the property to the corporate defendant by deed dated and recorded July 31, 1950. This allegation is not denied by the answer, which alleges as a defense that there was "full and valuable" consideration for the conveyance. Defendants' bill of particulars, however, alleges that there was no consideration. There was evidence on the trial that this reconveyance rendered defendant Ida Jeruss insolvent. On her examination before trial, which was received in evidence, she testified that she knew of the Aurora judgment on July 31, 1950, when she reconveyed the property to the corporate defendant. By an instrument executed on November 24, 1950, the Aurora judgment was satisfied. By deed dated December 15, 1950, and recorded December 21, 1950, the corporate defendant conveyed the property to defendant Max Jeruss. On August 20, 1951, transcripts of the judgments of the City Court of the City of New York were filed in the Westchester County Clerk's office. The present action was commenced by a summons dated August 23, 1951, to set aside the conveyance from defendant Ida Jeruss to the corporate defendant and the conveyance from the corporate defendant to defendant Max Jeruss. On September 25, 1951, a judgment for $9,218.42 was entered in the Queens County Clerk's office in favor of the President and Directors of the Manhattan Company against Ida Jeruss, as defendant. The last named action was brought on the two City Court judgments referred to above. On September 26, 1951, a transcript of said judgment was filed in the Westchester County Clerk's office. Defendant Ida Jeruss, on September 21, 1951, filed a voluntary petition in bankruptcy, and by order dated December 10, 1951, the trustee in bankruptcy of her estate was substituted as plaintiff in this action. The Official Referee to whom the action was referred to hear and determine granted judgment in favor of defendants dismissing the complaint. This determination was made on findings that the real property was deeded to defendant Ida Jeruss at the specific request of defendant Max Jeruss; that the deed was recorded by him, was returned to him, was retained by him, was never delivered to the grantee named in the deed; that said grantee was never informed that the premises had been conveyed to her until on or about July 31, 1950, when she was informed that the property had been placed in her name in April, 1947; and that she never accepted either the deed or title to the premises. Judgment reversed on the facts, with costs, and judgment directed for plaintiff for the relief prayed for in the complaint. Findings of fact inconsistent herewith are reversed and new findings will be made. The determination of the learned Official Referee is contrary to the evidence. The proof established that defendant Ida Jeruss was the owner of the real property on July 31, 1950, that she conveyed the property to the corporate defendant on that day without consideration running from the grantee to her, that she was rendered insolvent by such conveyance, and that at the time of the conveyance she knew of a valid outstanding judgment on which an execution had been levied. Under such circumstances the conveyance was in actual fraud of a creditor; there being no consideration therefor and the grantor being rendered insolvent thereby. (*American Bulb Co.* v. *Spiwak*, 248 App. Div. 753, affd. 275 N. Y. 477; *Sabatino* v. *Cannizzaro*, 243 App. Div. 20; *Ga Nun* v. *Palmer*, 216 N. Y. 603.) While the creditor hindered, delayed, and defrauded was one other than plaintiff, he stands in the place of his predecessor, the original plaintiff

in this action, which was a present creditor whose rights were injuriously affected by the same transfer. (Cf. Debtor and Creditor Law, § 276.) Nolan, P. J., Carswell, Wenzel, MacCrate and Schmidt, JJ., concur. Settle order on notice.