▆ ROSEANN FORNUTO et al., Appellants, v RAYMOND J. NISI, M.D., et al., Respondents. [923 NYS2d 493]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered April 16, 2010, to the extent appealed from as limited by the briefs, awarding plaintiffs damages, pursuant to a stipulation of settlement, on their wage and overtime claims and, after a jury trial, on plaintiff Monaco's sexual harassment claim, unanimously modified, on the law and the facts, to remand the matter for a hearing on the amount of attorneys' fees to be awarded plaintiffs on their wage and overtime claims and Monaco on her sexual harassment claim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered February 23, 2010, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The New York City Human Rights Law (Administrative Code of City of NY § 8-502 [f]) provides that the court, in its discretion, may award the prevailing party costs and reasonable attorneys' fees. Here, the court offered no reason for its decision to deny attorneys' fees. Using our discretion, we conclude that this case, which involved a jury verdict, warrants the award of some fees.

Plaintiff Monaco is a prevailing party within the meaning of Administrative Code § 8-502 (f), having obtained both compensatory and punitive damages following a jury trial of her sexual harassment claims (*see Jordan v Bates Adv. Holdings, Inc.*, 11 Misc 3d 764, 778 [2006]). Since Monaco's damages were not nominal, the judgment in her favor need not serve a public purpose (*see Farrar v Hobby*, 506 US 103, 121-122 [1992]; *Pino v Locascio*, 101 F3d 235, 239 [1996]; *McGrath v Toys "R" Us, Inc.*, 409 F3d 513 [2005]). In any event, federal precedent on this issue is not binding in light of the remedial purposes of the city statute (*see Williams v New York City Hous. Auth.*, 61 AD3d 62, 66-69 [2009], *lv denied* 13 NY3d 702 [2009]).

Upon our review of the record, we find that attorneys' fees in connection with plaintiffs' wage claims, which are mandatory

under the Fair Labor Standards Act (29 USC § 216 [b]) and Labor Law § 198 (1-a), were not included in the amounts stipulated in the settlement (see Kahlil v Original Old Homestead Rest., Inc., 657 F Supp 2d 470, 474 [2009]).

As plaintiffs' case was not complex, the court properly denied them additional costs pursuant to CPLR 8303 (a) (2) (compare Scola v Morgan, 66 AD2d 228, 235 [1979], appeal dismissed 47 NY2d 799 [1979] ["we recognize the substantial time and effort expended to unearth facts to prove the fraud perpetrated by this experienced real estate man"]). Moreover, the extensive discovery purportedly conducted in plaintiffs' case is neither described nor substantiated in the record. Concur—Andrias, J.P., Friedman, Freedman, Richter and Román, JJ.