LOUISE KUHLBARSCH, on Behalf of Herself and All Other Creditors of PAUL KUHLBARSCH, Deceased, Plaintiff, *v.* ALMA ERNESTINE SAUTER, Defendant.

Supreme Court, Erie County, March 29, 1939.

*Christy J. Buscaglia* [*Michael J. Montesano* of counsel], for the plaintiff.

*Albrecht, McGuire & Mills* [*Edward N. Mills* of counsel], for the defendant.

MALONEY, J.   This is a creditor's action to set aside a fraudulent conveyance made by Paul Kuhlbarsch, deceased, an insolvent debtor, to defendant.   The plaintiff is the wife of the grantor; the defendant, his daughter.   In the month of September, 1935, plaintiff's husband arbitrarily evicted her from their home and attempted

to kill her with a knife, and threatened to kill her if she returned to their home.

In November and December, 1935, demands were made to the husband in behalf of plaintiff for support and maintenance. Such demands were refused by him. Plaintiff was obliged to obtain employment as a maid earning three dollars per week in addition to room and board.

The husband's total assets as of April, 1937, consisted of two dwellings of a market value of $9,000 in addition to a bank account in the amount of approximately $300. During the month of April he conveyed the title to the aforementioned dwellings to the defendant herein. By reason of said conveyance the husband was rendered insolvent, he then being indebted to his wife in an amount, as I have found to be, greatly exceeding his assets. He died June 12, 1937.

Plaintiff's husband failed to provide for her from September 12, 1935, up to the time of his death. Therefore, the plaintiff had, in April, 1937, an unliquidated claim against her husband for moneys expended by her for necessities and the reasonable value of the board and lodging furnished her in payment for services rendered as such maid.

Defendant's answer denies the material allegations of plaintiff's complaint except the making of the conveyance, and alleges six separate affirmative defenses.

A married woman abandoned by her husband has a cause of action against him to recover money expended to provide necessaries for herself even though the money so used was the outcome of the wife's own labor. In *DeBrauwere* v. *DeBrauwere* (203 N. Y. 460, at p. 463) Judge BARTLETT wrote: " In the present case, however, the money used for procuring the necessaries was chiefly the outcome of the wife's own labors, and the question is whether she can maintain an action against the husband to recover it. Clearly no such action was maintainable at common law. At common law the personal property of the wife and all her earnings belonged to the husband. In this State, however, her marital disabilities have been wholly removed by statute, and the law now presumes that a married woman is alone entitled to any wages, earnings or any other remuneration for services which she renders. Such compensation constitutes a part of her separate estate and she can maintain any action in reference thereto which she could maintain if she were unmarried." (See, also, *Decker* v. *Decker*, 108 N. Y. 128.)

In the instant case plaintiff received her board and room in part payment for and as a result of her own labor. I see no distinction

between the legal rights of plaintiff herein and that of the plaintiff in the *DeBrauwere* case (*supra*). In the latter the wife recovered for moneys expended by her for necessities. The money so used was earned as a result of her own labor. In the instant case board and lodging furnished plaintiff was compensation procured as a result of plaintiff's own labor, the reasonable value thereof being uncontradicted.

" The wife was not obliged to resort to the court for support pending the action; to do so was discretionary with her. If she did not apply, the husband's common-law liability to provide her with the necessaries of life according to his station would still continue." (*Elder* v. *Rosenwasser*, 238 N. Y. 427, 431.) (See, also, *Dravecka* v. *Richard*, 267 N. Y. 180, 183; *Turner* v. *Woolworth*, 221 id. 425.)

In the case of *Laumeier* v. *Laumeier* (237 N. Y. 357), after citing with approval the *DeBrauwere* case (*supra*), at page 365 the court stated: " And we there held that the common-law disability of the wife to sue the husband having been removed, a wife who has applied her separate estate to the purpose of an obligation resting primarily upon her husband may now recover from him the reasonable amounts which she has thus expended out of her separate estate in discharge of his obligation." (See, also, *Brown* v. *Brown*, 266 N. Y. 532.)

The evidence is to the effect that defendant was not aware of the conveyance made to her by the deceased until its recordation and delivery to her by mail. Under all of the circumstances the conveyance was, in my opinion, fraudulent. The law indulges in the presumption that it was fraudulent as against the existing creditors. Thus in *Smith* v. *Reid* (134 N. Y. 568, at p. 575) the rule is stated:

" But the rule is well settled that a voluntary conveyance by one indebted at the time is presumptively fraudulent. (*Seward* v. *Jackson*, 8 Cow. 406; *Erickson* v. *Quinn*, 47 N. Y. 410; *Dunlap* v. *Hawkins*, 59 id. 346; *Cole* v. *Tyler*, 65 id. 78.)

" There was no evidence introduced by the defendant upon this question, and we are of the opinion that the facts stated raised a presumption that the deeds were executed by Taylor with intent to defraud his creditors, and in the absence of any explanation thereof it was the duty of the court to have determined the fact of the grantee's intention in accordance with such presumption. (*Coleman* v. *Burr*, 93 N. Y. 17–31.)

" Having established the fact of the fraudulent character of the conveyances from Taylor to his wife, the plaintiff was entitled to a judgment adjudging the defendant's deed to be a cloud upon his title and illegal and void."

See *Kerker* v. *Levy* (206 N. Y. 109) and *Ga Nun* v. *Palmer* (216 id. 603), in which latter case, Justice CARDOZO (at p. 610) stated: " We hold, therefore, that the plaintiff has established her position as a creditor, and is entitled to maintain this action."

And at page 611 the court stated: " The burden was on the plaintiff to show that at the time when they were made they left the grantor insolvent. It is here that the learned Appellate Division, in our judgment, has misconceived the law. The rule is that a transfer without consideration by one who is then a debtor raises a presumption of fraud. The creditor may stand upon that presumption until it is repelled."

In *Sabatino* v. *Cannizzaro* (243 App. Div. 20, on p. 22) the court said:

" The law appears to be well settled that where a plaintiff cannot show an actual fraudulent intent on the part of the defendants, he establishes a *prima facie* case merely by proof of two facts, namely, that a voluntary conveyance was made without any consideration and that when made the grantor-debtor was indebted to the plaintiff. The proof here went far beyond such requirements. * * *

" In *Brody* v. *Pecoraro* (250 N. Y. 56) the Court of Appeals recently restated the rule to be applied in such cases as follows: ' If the grantor made the conveyance with fraudulent intent, the burden was on the grantee to show that he had accepted it for value, in which event the plaintiffs might have had to prove that he had notice of the fraud.'

" In *Lawrence Brothers, Inc.*, v. *Heylman* (111 App. Div. 848; affd., 189 N. Y. 573) this court said: ' Where a deed is executed with intent on the part of the grantor to defraud his creditors, a presumption arises that such intent was shared by the grantee, and it is incumbent upon the grantee to show that she was not only a purchaser for value and in good faith, but that she had no knowledge of facts which put her upon inquiry as to the grantor's intent.' " (See *Emmi* v. *Patane*, 128 Misc. 901.)

Defendant testified as to a talk had with her father relative to his future care and support. In my opinion such testimony was so fragmentary, disjointed and indefinite as to its terms as to make it innocuous and without probative force and lacking in the essentials of a contract. It utterly failed as to any proof of consideration.

By statutory enactment in 1925, section 273 of the Debtor and Creditor Law provides as follows: " Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." (See *Sandler* v. *Parlapiano*,

236 App. Div. 70; *Coleman* v. *Burr*, 93 N. Y. 17; *Cole* v. *Tyler*, 65 id. 73; *Todd* v. *Monell*, 19 Hun, 362; *Young* v. *Heermans*, 66 N. Y. 374.)

The evidence in the instant case substantiates every material fact necessary to be proven to entitle plaintiff to the relief sought herein. There was no testimony offered by defendant to offset or repel the proof offered by the plaintiff.

In *Wilson* v. *Robinson* (83 F. [2d] 397) the court stated (at p. 398): " Where a voluntary transfer is made when debts of the grantor are outstanding, the burden of going forward with proof of solvency is upon the transferee. (*Feist* v. *Druckerman*, 70 F. [2d] 333 [C. C. A. 2]; *Ga Nun* v. *Palmer*, 216 N. Y. 603.) "

Defendant urges that plaintiff failed to produce any legal or competent evidence to warrant findings to the effect that plaintiff expended her own funds for her support and maintenance and to the effect that her husband wholly failed to support and maintain his wife.

The defendant having obtained title through and under her deceased father, section 347 of the Civil Practice Act applies to any personal transaction had by plaintiff with deceased, she being a party interested in the result.

Defendant alleges in her answer as a sixth separate and affirmative defense to plaintiff's complaint that plaintiff, after September 12, 1935, was able to and did support herself without any assistance from her husband. The answer was not verified. The language of the separate defense under the circumstances to some extent negatives the denial thereof contained in the body of the answer.

Plaintiff's testimony was competent as to her employment and the compensation received therefrom, the reasonable value of the board and lodging furnished plaintiff in payment for her services as a maid, the purchase of necessities by plaintiff and the amount paid for the same and also the amount paid by plaintiff for necessary dental and medical services. The presumption from the facts as we have found is, as a matter of law, that such necessities were not furnished to her by her husband.

As to her employment and compensation therefor, the testimony of plaintiff was competent. The husband had no interest therein. Neither was it testimony of a transaction by a party in interest and her husband. Plaintiff for the reason last aforesaid was a competent witness as to the value of her board and lodging, the amount paid for medical and dental treatment and necessary wearing apparel.

If plaintiff is entitled to recover, such recovery as a matter of law must be predicated on legal competent evidence, and the

reasonable presumptions, inferences and conclusion therefrom. An analysis of the pleadings and the undisputed evidence in this case allows of no other conclusion than that it was the intent, purpose and scheme of plaintiff's husband to permanently rid himself of his wife and the burden of her support and maintenance. If this presumption does not follow reasonably and logically from his course of conduct, what other explanation is there as to the following: (1) The attempt to kill his wife with a knife in September, 1935? (2) The threats to commit a homicide if she did not leave her home immediately? (3) The further threat to so do if she returned to his home? (4) The refusal to support his wife when requested to so do, and his statements that he did not want and would not allow her to live with him or in their home? In my opinion, there being no evidence to the contrary, such evidence creates a legal presumption that such scheme and intention aforesaid to abandon and refuse to meet his legal obligations to his wife continued up to the time of his death.

" § 78. Presumption of continuance. Proof of the existence of a person, an object, a condition, or a tendency at a given time raises a presumption that it continued for as long as is usual with things of that nature. *MacRae* v. *Chelsea Fibre Mills*, 145 App. Div. 588; 130 N. Y. S. 339; *Matter of Huss*, 126 N. Y. 537; 27 N. E. 784; 12 L. R. A. 620. In *Wilkins* v. *Earle*, 44 N. Y. 172, 192; 4 Am. Rep. 655, the Court used the following language: ' There is a legal presumption of continuance. A partnership once established is presumed to continue. * * * The fact that a man was a gambler twenty months since, justifies the presumption that he continued to be one. An adulterous intercourse is presumed to continue. So of ownership and non-residence.' *Matter of Prentice*, 110 Misc. 456; 181 N. Y. S. 679; *In re Shupack's Estate*, 158 Misc. 873; 287 N. Y. S. 184. Our courts have even gone so far as to hold that a man who has not been heard from for fourteen years and who was unmarried when last heard from is presumed to have remained a bachelor. *Karstens* v. *Karstens*, 29 App. Div. 229; 51 N. Y. S. 795." (Richardson on Evidence [5th ed.], p. 44.)

The rule is probably best stated in 1 Greenleaf on Evidence ([16th ed.] §§ 41, 42):

" Other presumptions are founded on the experienced continuance or permanency of longer and shorter duration, in human affairs. When, therefore, the existence of a person, a personal relation or a state of things, is once established by proof, the law presumes that the person, relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised, from the nature of the subject in question.

" The opinions, also, of individuals, once entertained and expressed, and the state of mind, once proved to exist, are presumed to remain unchanged until the contrary appears." (See, also, Best on Evidence [11th ed. 1911], p. 398, § 406.)

The instant case is distinguishable from the case of *Manufacturers Trust Co.* v. *Gray* (278 N. Y. 380). Judge LEHMAN wrote (at p. 385): " Enforcement of rights and obligations of the parties depends upon the matters revealed at the trial, not upon matters left to conjecture because proof is impossible."

We have attempted to point out that the findings of fact as made by the court herein were based and depend on matters revealed at the trial and the reasonable presumptions therefrom and not on conjecture. In the cited case the facts were found by the jury in favor of defendant; in the instant case the trier of the case found in favor of the plaintiff. Judge LEHMAN wrote (at p. 386): " Here there has been, of course, no proof of an express promise; and in the absence of proof that the wife used her own money for her support with reasonable expectation that her husband would repay it or that she was compelled to discharge his obligation to support her, because otherwise she would be without support, no finding of a promise implied in fact or in law would be justified. There is no showing of any protest against the defendant's expressed intention to live apart from his wife or of any refusal by the husband to provide such support as might be within his means."

In the instant case there are the conduct and attitude of the husband both at the time of the eviction and the request made upon him by a neighbor in behalf of the wife for funds to maintain her. The husband in the instant case compelled his wife to discharge his obligation to support her because otherwise she would be without support. The facts in the cited and instant cases as found are not analogous.

The court is of the opinion that plaintiff has met the burden of proof necessary to a verdict in favor of plaintiff and against defendant for the relief sought in her complaint. Let judgment be entered accordingly. Prepare findings.