LOUISE KUHLBARSCH, on Behalf of Herself and All Other Creditors of PAUL KUHLBARSCH, Deceased, Respondent, v. ALMA ERNESTINE SAUTER, Appellant.— Judgment affirmed, with costs. Memorandum: There is competent proof which we deem sufficient to establish that the plaintiff was forcibly evicted by her husband from their home without just cause shown for such eviction; that thereafter plaintiff's husband refused either to permit her to return to their home or to support her; that being without either property or source of income, the plaintiff was required to and did earn and expend a sum not unreasonable in amount for her support and maintenance between the date of her eviction and the date of her husband's death, which amount became a legal debt of her husband (*Dravecka* v. *Richard*,

267 N. Y. 180, 183; *DeBrauwere* v. *DeBrauwere*, 203 id. 460, 463,464; *Laumeier* v. *Laumeier*, 237 id. 357, 364, 365); that meantime, on April 3, 1937, plaintiff's husband conveyed to the defendant, without a fair consideration therefor, the real property with which this action is concerned, thereby rendering plaintiff's husband insolvent and thus committing a fraud upon his creditors (Debtor and Creditor Law, § 273), of whom the plaintiff was one. When it appeared from the proof that plaintiff's husband had voluntarily transferred his property to the defendant at a time when he had debts outstanding, the burden of going forward with proof of his solvency was upon the transferee. (*Feist* v. *Druckermon*, 70 F. [2d] 333, 335; *Ganun* v. *Palmer*, 216 N. Y. 603, 611, 612; *Sabatino* v. *Cannizzaro*, 243 App. Div. 20, 22, 23.) Having failed to make such proof, the defendant cannot prevail against the plaintiff's present demand. All concur. (The judgment is for plaintiff in an action to set aside a conveyance of realty in fraud of creditors.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ. [170 Misc. 955.]