Thomas P. Farley, J.
This motion for summary judgment and an assessment of damages is brought by the plaintiff in an ejectment action. Plaintiff is the record owner of the subject premises by virtue of a deed from her father, Alfred Hutchinson, dated March 20, 1954 and recorded March 23, 1954. *413 The deed bears no documentary stamps and contains the legend, ‘ ‘ no stamps necessary ”. At the time of this conveyance defendant was married to Alfred Hutchinson and resided in the subject premises. Shortly thereafter, in August of 1954, Alfred Hutchinson procured a Florida divorce from defendant. Notwithstanding the divorce, defendant continues to reside in the subject premises despite efforts by the plaintiff to oust her. A summary proceeding brought to evict her in the Justices’ Court of the Town of Islip in 1958 was dismissed when defendant asserted a claim of title.
This action was instituted on May 12, 1960. As a separate and affirmative defense in her answer, defendant pleads that another suit is pending in the Suffolk County Court between the same parties for the same relief. Plaintiff’s moving papers, however, contain an order of that court, dated December 6, 1960, dismissing that action for want of jurisdiction of the subject matter. It is well settled that in order for a pending action to be successfully pleaded in abatement of one subsequently commenced, the court before which the former action is pending must have jurisdiction of the subject matter of the suit. (2 Carmody-Wait, New York Practice, ch. 12, § 5.) This defense must therefore fall.
In her affidavits in opposition to this motion, defendant maintains that the remedy of summary judgment is not available in an ejectment action, citing Gorman v. Valentino (263 App. Div. 886). This authority is no longer controlling since the revision of the summary judgment rules, effective March 1, 1959, in which the remedy was made available in any type of civil action except matrimonial actions.
In an attempt to raise factual issues, the defendant also alleges, inter alia, that she has never received any support from the said Alfred Hutchinson; that he deserted her prior to obtaining the Florida divorce; that said divorce was ex parte and she received no notice of the action; that she is entitled to support from her husband pursuant to section 1170-b of the Civil Practice Act whether the Florida divorce is valid or not, and that the conveyance from Alfred Hutchinson to his daughter, the plaintiff herein, was fraudulently made, without consideration, to deprive her of reaching any assets of Alfred Hutchinson to enforce his marital obligations. All but the last of these assertions can be disposed of summarily on the ground that they are not relevant to an action for ejectment brought by the daughter of defendant’s allegedly errant husband. Defendant may not attack the validity of the Florida divorce, or seek support, in an ejectment action to which Alfred Hutchin *414 son is not a party. However, since the plaintiff’s right to maintain ejectment rests on the strength of her title, a more perplexing problem is defendant’s assertion, raised for the first time on this motion, that the deed from Alfred Hutchinson to his daughter, the plaintiff herein, was a fraudulent conveyance within the meaning and intent of article 10 of the Debtor and Creditor Law.
While it is true that a defendant opposing a motion for summary judgment is not precluded from showing evidence in her affidavit of a defense not pleaded in her answer (Cardinal Lbr. Co. v. Lincoln Park Bldrs. Supply, 8 A D 2d 839), it is a corollary rule that the pleader in opposition must show evidentiary facts, not surmise, conjecture or suspicion. (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56.) It is incumbent on the defendant to ‘ assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial ” (Di Sabato v. Soffes, 9 A D 2d 297, 301).
It is the opinion of this court that defendant’s papers are insufficient to raise triable issues based on a real defense. (General Inv. Co. v. Interborough R. T. Co., 235 N. Y. 133, 143-144.) There is no assertion or showing that Alfred Hutchinson, at the time of making the conveyance to the plaintiff, was insolvent, or was rendered insolvent thereby (First Nat. Bank of Batavia v. Frank, 1 A D 2d 539, motion for reargument denied 2 A D 2d 807, motion to dismiss appeal denied 2 N Y 2d 850, affd. 3 N Y 2d 849 ; Leitman v. Leitman, 21 Misc 2d 653, affd. 9 A D 2d 682) or, more important, that defendant was a “ creditor ” (Debtor and Creditor Law, § 270) of Alfred Hutchinson at the time of the conveyance. The mere relationship of husband and wife does not give rise to a debtor-creditor status. In Bishop v. Bishop (204 Misc. 128), a complaint was dismissed in an action brought by a wife to set aside her husband’s purported fraudulent conveyance where she alleged that after she was awarded temporary alimony in a separation action, her husband conveyed certain real estate to a third person, without consideration. The complaint was held deficient in that it failed to allege that the husband had not paid the temporary alimony. In that case the court also questioned whether the obligation of a husband to pay alimony was a ££ debt ” in the ordinary sense. In the instant case, defendant does not show that she obtained an alimony award pursuant to section 1170-b of the Civil Practice Act or otherwise, nor does it appear that she ever sought such relief or would be entitled thereto.
*415 The case of Enthoven v. Enthoven (167 Misc. 686, affd. 256 App. Div. 813) is not controlling since in that case the husband had agreed to pay the wife a fixed monthly sum until her death. When he defaulted, she became a ‘ ‘ creditor ’ ’ entitled to institute an action to set aside certain of the husband’s conveyances as fraudulent.
In view of the above and accepting the truth of the defendant’s pleadings and affidavits (Cordes v. California Ins. Co., 6 A D 2d 985), the defendant has failed to present any issues of fact triable in this ejectment action. The motion is accordingly granted.