ELIAS A. SAFIE, Appellant, v. JOSEPH M. SAFIE et al., Defendants, and HELEN SAFIE, Respondent.— In an action by a judgment creditor pursuant to article 10 of the Debtor and Creditor Law, to set aside as fraudulent a conveyance of real property by the judgment debtor (defendant Joseph M. Safie) to his wife, the defendant Helen Safie, from whom he was then living separate and apart, and for other relief, the plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered December 17, 1964 after a nonjury trial, upon the court's opinion-decision, which dismissed the second amended complaint against the defendant Helen Safie. Judgment affirmed, with costs, on the opinion of the learned Justice at Special Term. Ughetta, Acting P. J., Hill and Hopkins, JJ., concur; Christ and Rabin, JJ., dissent and vote to reverse the judgment and to direct judgment for the plaintiff for the relief demanded in the second amended complaint, except as to the appointment of a receiver, with the following memorandum: In our opinion, the transfer of the real property from the debtor, Joseph Safie, to his wife, was a "fraudulent conveyance" within the intendment of the Debtor and Creditor Law. Section 273 of that statute provides: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to the creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." There is no question that on June 4, 1962, the date of the conveyance in issue, Joseph Safie was a "debtor" and the plaintiff was a "creditor" within the meaning of the statute. Moreover, it is established by the record that the debtor was "insolvent" as of the date of the transfer or at least "rendered insolvent" thereby. The primary issue presented on this appeal is whether the conveyance by the debtor to his wife of their marital home was supported by "fair consideration" within the meaning of the statute. The learned trial court concluded that by virtue of the debtor's obligation to support his wife, she was also a "creditor" within the meaning of section 270 of the Debtor and Creditor Law, and that, in effect, the consideration was founded in the discharge of this antecedent debt. In our opinion, such conclusion was erroneous. The mere relationship of husband and wife does not, in and of itself, give rise to a debtor-creditor status (*Eccles* v. *Hutchinson,* 28 Misc 2d 412). Moreover, while the obligation of a husband to support his wife cannot be accurately defined (*Haas* v. *Haas,* 298 N. Y. 69, 71), it is generally agreed that the obligation is not a "debt" in the legal sense of the word (*Romaine* v. *Chauncey,* 129 N. Y. 566, 570; 41 C. J. S., Husband and Wife, § 15, pp. 404, 407). At bar, it was clearly established that, at the time of the conveyance, the debtor, although separated from his wife (not pursuant to agreement or judicial decree), was fulfilling his obligation of support and continued to do so for two months after the conveyance. Under these circumstances, we find that there was no "debt" owed to the wife, the discharge of

which could constitute "fair consideration" as contemplated by the statute (*Morgan* v. *Potter,* 17 Hun 403; 1 Moore, Fraudulent Conveyances, p. 357). The case of *American Sur. Co.* v. *Conner* (251 N. Y. 1) is clearly inapposite and does not compel a contrary determination. Plaintiff is entitled to appropriate relief under the Debtor and Creditor Law. He is not barred therefrom by either of the equitable doctrines — estoppel or unclean hands — sought to be invoked against him (*Seagirt Realty Corp.* v. *Chazanof,* 13 N Y 2d 282; *Byrne* v. *Barrett,* 268 N. Y. 199). (For related appeals, see 19 A D 2d 900, 948.)