■ PHYLLIS SOLDANO, Appellant, v GIUSEPPE SOLDANO et al., Respondents.—In an action pursuant to article 10 of the Debtor and Creditor Law, *inter alia,* to set aside the transfer of two parcels of real property by defendant Giuseppe Soldano, plaintiff appeals from an order of the Supreme Court, Nassau County, entered January 6, 1978, which granted defendants' motion to dismiss the complaint. Order reversed, on the law, with $50 costs and disbursements, and defendants' motion to dismiss the complaint denied. The instant action was commenced by the plaintiff, wife of defendant Giuseppe Soldano, in April, 1976, pursuant to section 273 of the Debtor and Creditor Law, to have two conveyances of improved real property by the defendant husband set aside; one conveyance was to his parents and brother, and the other was to his parents. The parents and brother were all named in the action as codefendants. Section 273 of the Debtor and Creditor Law states: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." In her complaint the plaintiff alleged the following: In December, 1974 the defendant husband learned of his wife's pregnancy and demanded that she abort the child. When she refused, said defendant carried on a course of cruel and inhuman treatment to terminate the marriage and minimize, if not avoid, his obliga-

tion to support the plaintiff and the prospective child. In furtherance of this plan, he conspired with the other three defendants to divest himself of his interest in two parcels of real property in order to render himself judgment proof and without any property which could be attached or sequestered by her in the event of their anticipated matrimonial litigation and the enforcement of a future alimony or support award. According to plaintiff, the defendant husband systematically reduced his support and maintenance to her and, in or about June, 1975, completely withheld all such support and maintenance. Such conduct continued up to and after the child was born on August 30, 1975. The complaint further alleged that on September 3, 1975, just four days after the child was born, with the express intent of depriving the plaintiff and the child of their just support, the defendant husband transferred by deed his interest in one parcel as tenant in common to his brother and parents, and transferred the second parcel to his parents, both without consideration. On September 13, 1975, 10 days after the transfers, the said defendant left the plaintiff and the infant child permanently and plaintiff then instituted a divorce action. With respect to the three grantees, plaintiff alleged they participated in the transfers with full knowledge of the grantor's objective and plan to deprive plaintiff and the child of present and future support by rendering himself judgment proof, etc. The plaintiff also alleged, with respect to the second conveyance by the husband to his parents, that it was not recorded until January 30, 1976, which was during the pendency of a motion by her to punish him for contempt for failure to pay temporary alimony and child support, which had been awarded to her by order dated November 19, 1975. On September 7, 1976 plaintiff was granted a divorce and was also granted judgment of (1) $1,125 against the defendant husband for reimbursement and recoupment of necessaries expended by her for the period from June 1, 1975 to November 14, 1975 and (2) $3,000 for accumulated and unpaid arrears under the temporary order as of July 7, 1976, the trial date. In the verified answer to the complaint in this action, executed by the defendant husband on May 6, 1976, the said defendant admitted that he had not paid medical and hospital bills in connection with the birth of the child (which occurred some eight months earlier) and also admitted that "at the present", i.e., May 6, 1976, he was not providing support payments to plaintiff and her child. In his affidavit in support of the motion to dismiss, executed October 27, 1977 (some 17 months after interposing an answer), the husband denied he was either anticipating a marital separation or rendering himself insolvent when he transferred the parcels. The husband further argued that the complaint should have been dismissed summarily since he was not then in default under the judgment of divorce and had not been for a substantial period of time; in fact, he was current in his support payments. In her opposition papers, the plaintiff wife noted that in its decision awarding her a divorce, the trial court took cognizance, *inter alia,* of the husband's failure to support her prior to the commencement of the action when the court noted that the husband's lack of support and unsympathetic behavior during her pregnancy constituted a course of cruel and inhuman treatment. She also noted that after obtaining the divorce and awards for alimony and child support, she was required to make an application to punish the defendant husband for contempt, which application was granted, and also to make applications for a charging order on the husband's partnership interest in a pizzeria. Under the compulsion of such applications, he paid and satisfied the then existing arrears, etc. Finally, the wife alleged that, in any event, the husband was not regular in his weekly payments and that, in anticipa-

tion of the subject motion to dismiss the complaint and in order to show he is current, he sent her three checks covering arrears for the previous three weeks. In our view, the complaint states a valid cause of action. Section 270 of the Debtor and Creditor Law defines a "creditor" and "debt" as follows: "'Creditor' is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent. 'Debt' includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." By September 3, 1975, when the transfers were made, plaintiff had incurred expenses in the form of reasonable sums spent by her for "necessaries" during a period when her husband was not supporting her. These expenditures became a legal debt of her husband entitling her to invoke the Debtor and Creditor Law to set aside the transfers made to defraud her of her rights as a creditor (see *Kuhlbarsch v Sauter,* 170 Misc 955, affd 257 App Div 1038; cf. *Safie v Safie,* 24 AD2d 502, affd 17 NY2d 601). Nor is the wife's status as a creditor at the time of transfer of the parcels any different with respect to future alimony payments. In discussing section 270 *et seq.* of the Debtor and Creditor Law, Chief Judge Cardozo stated, in *American Sur. Co. of N. Y. v Conner* (251 NY 1, 7): "The act is explicit that a creditor may now maintain a suit in equity to annul a fraudulent conveyance, though his debt has not matured * * * The act in its definition of a creditor seeks a rule of uniformity, and in so doing levels distinctions that at times had been the refuge of the dilatory debtor." Even more pertinent to the case at bar is the following statement contained in (vol 27B Corpus Juris Secundum, Divorce, § 273, p 166): *"Conveyance in anticipation of divorce.* A conveyance made by the husband in anticipation of the wife's action for divorce, and to prevent her from recovering alimony, is fraudulent, and may be set aside unless the purchaser took without notice and for value." In *Demarest v House* (91 Hun 290) the court held that even though the motive of the husband in making the sales of real property was to prevent his wife from receiving alimony in any suit *she might* commence therefor, that fact would not invalidate the sales, *unless the fact was known to the grantees and they participated in the fraud.* In this case such latter allegations have been made. In *Donnelly v West* (17 Hun 564), a complaint brought by the sequestrator of the husband's property alleged that in an action for separation brought by the wife against her husband a judgment was entered in her favor for alimony, etc., that he failed to comply therewith, that he had left the State to avoid personal service of the summons, that he had transferred his real and personal property to his daughters with intent to defeat a prospective judgment in such action, and that the daughter received the same with knowledge of such intent. The complaint also stated that the sequestrator was directed by the court to bring the action to set aside the conveyance as fraudulent and void. The court held that a demurrer to the complaint, on the grounds that plaintiff did not have legal capacity to sue and that the complaint did not state facts sufficient to constitute a cause of action, should be overruled. A husband cannot avoid sequestration by a bad faith transfer of his property. Thus, in a case where a husband transferred his property to his sister shortly before his wife's action against him for a separation was tried, the wife, who eventually recovered a judgment against him for support, was held to be entitled to the appointment of a receiver and to seek to have the transfer set aside *(McCarter v McCarter,* 27 Misc 2d 610, vacated in part on other grounds 227 NYS2d 608). In view of the case law discussed above, it is our view that the wife's complaint should not be dismissed at this juncture. The complaint alleges an intrafamily transfer of

property only a week before the abandonment of plaintiff and the child and during a period when the marriage was under severe strain and the husband was not supporting his wife. Her pleadings indicate that the husband abandoned her because she elected to bear their child instead of having an abortion and callously cut her off from meaningful support before the child was born until she used the pressure of the court to coerce him into performing his duty. It is also significant that in his answer to plaintiff's complaint to set aside the conveyances, the defendant husband admitted, *inter alia,* that he was still not providing support payments for the plaintiff and the child even though the judgment of divorce, entered September 9, 1976, contained provisions in that regard. Once again the wife had to resort to court action to force him to furnish support for herself and the infant. In our view, the facts alleged in the pleadings are sufficient to withstand a motion for summary judgment dismissing the complaint since they show that the transfers were made with the intent to place the subject property "beyond the reach of the plaintiff and with the intent to *hinder, delay* or defraud the plaintiff" (see *Leitman v Leitman,* 21 Misc 2d 653, 656 [emphasis supplied], affd 9 AD2d 682, mot for lv to app den 9 AD2d 783). It is surely for a jury to determine the validity of the husband's assertion, in his affidavit in support of the motion to dismiss, that he was "not anticipating a marital separation, and * * * was certainly not attempting to render [himself] insolvent should a matrimonial action be commenced". The defendant husband argued in his motion papers that the action should be dismissed because he is current in his payments to the plaintiff wife and that she concedes that he is current. This argument is without merit. The issue of insolvency is to be determined at the time of the transfers *(Newfield v Ettlinger,* 22 Misc 2d 769). Since the complaint raises an issue of fact on this point, it should not be dismissed without a trial. In any event, plaintiff did not concede in her opposition papers to the motion to dismiss that the defendant husband was current in all support payments. Plaintiff specifically deposed that she had to resort to enforcement procedures on two occasions and that the defendant husband was in default at the very time of service of his motion to dismiss the complaint. Plaintiff merely acknowledged that he paid up the arrears on the return date of the motion in order to give the appearance that he was current in his payments. Even assuming, *arguendo,* that the defendant husband is now current in his payments, such a fact would not be determinative of the issues at this pleading stage of the action. No evidence has been adduced via the examination before trial route as to the source of the moneys he used to pay arrears under judicial compulsion. It is not beyond the realm of possibility that such sums have been borrowed by him from those members of his family who now have title in the properties. In this regard, it should be observed that support for the wife and child is a continuing indebtedness, unlike a situation where the debt is a fixed sum and full payment thereof is a defense to an action to set aside a fraudulent conveyance. Accordingly, the defendants' motion to dismiss the complaint must be denied. Hopkins, J. P., Damiani, Titone and Suozzi, JJ., concur.

Latham, J., dissents and votes to affirm the order, with the following memorandum: Plaintiff's cause of action must fail because she does not qualify as a "creditor" of the defendant husband as that term is used in the statute (Debtor and Creditor Law, § 273). At the time of the allegedly fraudulent conveyances, plaintiff and said defendant were married and living together. The mere relationship of husband and wife does not give rise to a debtor-creditor status *(Eccles v Hutchinson,* 28 Misc 2d 412). Even

assuming that the defendant husband owed plaintiff a duty of support as a result of their marriage, it is not in the nature of a legal debt (see *Romaine v Chauncey,* 129 NY 566, 570; cf. *Safie v Safie,* 24 AD2d 502, affd 17 NY2d 601). Rather, the duty of support is in the nature of the performance of a general marital duty. During the marriage, this duty is too speculative to serve as the basis for lawsuits under the Debtor and Creditor Law (see *Kafalian v Kafalian,* 27 Misc 2d 1065). For example, in some marriages the equality of earning power between husband and wife renders nugatory any marital duty of support. In other marriages, the superior assets of the wife mandate that the duty of support run from wife to husband. It can be seen that this duty is amorphous and varies from marriage to marriage. However, once this duty is defined, either contractually, in a separation agreement, or judicially, in a matrimonial decree, it may become a "debt" if the supporting spouse fails to make the payments. In that situation, courts have held the wife to be a creditor, under the Debtor and Creditor Law, since her rights were predicated on a contractual or legal obligation *(Bennett v Bennett,* 62 AD2d 1154; *Enthoven v Enthoven,* 167 Misc 686, affd 256 App Div 813). In the case at bar, the allegedly fraudulent conveyances were made while the parties were living together as husband and wife. Neither was "indebted" to the other by virtue of this relationship. Therefore, plaintiff did not qualify as a "creditor" of the defendant husband and may not avail herself of the Debtor and Creditor Law.