CATHERINE M. KASINSKI, Respondent, v BETTY J. QUESTEL, Appellant and Third-Party Plaintiff. JOSEPH QUESTEL, Third-Party Defendant.

Fourth Department, March 6, 1984

APPEARANCES OF COUNSEL

*Denis A. Kitchen, Jr.,* for appellant.

*Williams, Stevens, McCarville & Frizzell (Patrick Curran* of counsel), for respondent.

OPINION OF THE COURT

BOOMER, J.

We hold that a dependent wife who is separated from her husband may be a creditor of the husband within the meaning of section 270 of the Debtor and Creditor Law even though she has not entered into a separation agreement or obtained an order of support. Consequently we reverse the order and judgment of Special Term dismissing the wife's counterclaim to set aside the conveyance of the marital residence as fraudulently made to defeat her rights as a creditor.

The controversy arose when the husband, having left the marital residence, conveyed that residence to his girlfriend. The girlfriend then brought this action to remove the wife from the residence, and the wife counterclaimed

under article 10 of the Debtor and Creditor Law to set aside the conveyance.

Preliminarily we note that the title to the residence had been in the husband alone and the transfer occurred before the effective date of the Equitable Distribution Law (Domestic Relations Law, § 236, part B). Thus, the husband had the right to dispose of the property unless the conveyance was fraudulently made in violation of the Debtor and Creditor Law.

Special Term, in dismissing the counterclaim, held that the wife was not a creditor within the meaning of section 270 of that law inasmuch as no separation agreement or court order obligating the husband to pay support was in effect at the time of the conveyance. We disagree. A "creditor", as defined by section 270 of the Debtor and Creditor Law, is "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." As aptly stated in the opinion at Special Term in *Safie v Safie* (24 AD2d 502, affd without opn 17 NY2d 601): "A husband's liability to provide for the support of his wife is so firmly embedded in the law that even the parties themselves, acting in concert, cannot destroy it (General Obligations Law, sec. 5-311, formerly Domestic Relations Law, sec. 51). It is difficult to resist the conclusion that in the present case the wife, at the time of the conveyance and under the circumstances then existing, was a creditor of the husband as that term is defined in section 270 of the Debtor and Creditor Law. She certainly had a claim, though it was unmatured and unliquidated. The fact that there was nothing due the wife at the time of the transfer does not deprive her of her status as a creditor (Ga Nun v Palmer, 216 NY 603; Enthoven v Enthoven, 167 Misc 686, affd 256 App Div 813)."

In *Safie* (*supra*), as here, there was no separation agreement or support order in effect, yet the wife was deemed to be a creditor of the husband. Further support for our holding is found in *Soldano v Soldano* (66 AD2d 839, 841) where the court quoted from Corpus Juris Secundum: *"Conveyance in anticipation of divorce.* A conveyance made by the husband in anticipation of the wife's action for divorce, and to prevent her from recovering alimony, is

fraudulent, and may be set aside unless the purchaser took without notice and for value." (27B CJS, Divorce, § 273, p 166.)

As a further reason for granting summary judgment to plaintiff dismissing the wife's counterclaim, the court stated that the wife had failed to show that the conveyance had the effect of divesting the husband of his property to the extent that he became unable to discharge his obligation to support his wife. This reasoning overlooks the burden placed upon the party seeking summary judgment. Here plaintiff, as the moving party seeking to dismiss the counterclaim, has the burden in the first instance of presenting evidentiary facts showing that defendant does not have a meritorious cause of action (CPLR 3212, subd [b]). Since plaintiff has failed to submit facts showing that the conveyance was not fraudulent under the Debtor and Creditor Law, she is not entitled to summary judgment.

Accordingly, the order and judgment appealed from should be reversed and plaintiff's motion for summary judgment should be denied.

DOERR, J. P., GREEN, O'DONNELL and SCHNEPP, JJ., concur.

Order and judgment unanimously reversed, with costs, and motion denied.