■ KINGSLEY SPENCER, Plaintiff, v YVETTE HYLTON-SPENCER, Defendant and Third-Party Plaintiff-Respondent. JAMES SPENCER et al., Third-Party Defendants-Appellants. [709 NYS2d 207] —In an action for a divorce and ancillary relief, the third-party defendants appeal from stated portions of a judgment of the Supreme Court, Queens County (Geller, Ref.), dated February 2, 1999, which, *inter alia*, directed them to convey title to the marital residence to the plaintiff husband.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The evidence at trial supports the conclusion of the Supreme Court that the conveyance of the marital home by the plaintiff husband to the appellants,. who are two of his siblings, was made with "actual intent * * * to hinder, delay, or defraud" the defendant third-party plaintiff wife (Debtor and Creditor

Law § 276; *Pen Pak Corp. v LaSalle Natl. Bank,* 240 AD2d 384, 386; *Grumman Aerospace Corp. v Rice,* 199 AD2d 365, 366-367; *Marine Midland Bank v Murkoff,* 120 AD2d 122, 128-129; *Soldano v Soldano,* 66 AD2d 839). A conveyance made with actual intent to defraud may be set aside even if fair value was given in exchange for the property (*see, Wall St. Assocs. v Brodsky,* 257 AD2d 526, 529; *Grumman Aerospace Corp. v Rice, supra,* at 366).

Contrary to the appellants' contention, the Supreme Court did not err in directing that the property be reconveyed to the plaintiff, who is then to place the defendant third-party plaintiff's name on the deed so that they hold the property as tenants in common. This relief gives the defendant third-party plaintiff the same rights she would have had prior to the fraudulent conveyance (*see, Marine Midland Bank v Murkoff, supra*). Since the property will be held by the plaintiff and the defendant third-party plaintiff as tenants in common, rather than by the appellants and the defendant third-party plaintiff, the plaintiff's interest in the property is available for enforcement proceedings should he default on the child support payments which he is obligated to pay by the judgment of divorce (*see,* Debtor and Creditor Law § 279; *Soldano v Soldano, supra*). Pursuant to that judgment, the appellants are no longer responsible for the payment of expenses for the property, including the mortgage. Any further monetary relief should be sought, if necessary, from the plaintiff. S. Miller, J. P., Altman, H. Miller and Schmidt, JJ., concur.