**Swierzcek v Swierczek**

2023 NY Slip Op 34574(U)

December 26, 2023

Supreme Court, Kings County

Docket Number: Index No. 511686/2020

Judge: Debra Silber

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS : PART 9**

---

**ANETA SWIERZCEK, individually and as**
**Administrator of the Estate of Lukasz Swierczek,**

**DECISION / ORDER**

                                      **Plaintiff,**

**Index No. 511686/2020**
**Motion Seq. No. 5**

        **-against-**

**TERESA SWIERCZEK,**

                                     **Defendant.**

---

*Recitation, as required by CPLR 2219(a), of the papers considered in the review of defendant's motion for an order dismissing the claims plaintiff has asserted on behalf of her deceased husband's estate, and for related relief.*

| Papers | NYSCEF Doc. |
|---|---|
| Notices of Motion, Affirmations and Exhibits............................... | 159-173 |
| Affirmation in Opposition and Exhibits......................................... | 182 |
| Reply …………….................................................................... | |

      **Upon the foregoing cited papers, the Decision/Order on this motion is as follows:**

### Background

      This is an action to determine the ownership of a two-family house in Brooklyn, located at 26 Bay 41st Street.  In brief, the property was purchased in 2005 by decedent Lukasz Swierczek and defendant, his mother, as joint tenants with the right of survivorship. At that time, two mortgages were taken out, both signed by decedent and defendant. The plaintiff married him subsequently, and they had two children, who are minors. The plaintiff and the decedent lived at the premises, and defendant did not reside there.  The other apartment was rented, and the rent was applied toward the expenses of the home. In 2012,

the first mortgage was modified, and both decedent and defendant signed the documents.

On or about January 10, 2018, plaintiff and decedent entered into a Separation Agreement. It was filed in this action by plaintiff's attorney and has been sealed by the court, as documents from a matrimonial file may not be put on the internet in NYSCEF. Therein, paragraph 2 states: "The Wife and Husband currently own a two (2) family home located at 26 Bay 41st Street, Brooklyn, NY 11214, which is their current residence. The parties have decided and agreed that this property will be sold as a result of the divorce. Whatever amount the property is sold for, the Wife and Husband agree that $80,000 of the sale shall be paid to the Wife."[1] Paragraph 11 states "Each party, individually and for his or her heirs, executors, administrators, successors and assigns, hereby waives, releases and relinquishes any and all claims, rights or interest as a surviving spouse in or to any property, real or personal, which the other party owns or possesses at death, or to which the other party or his or her estate may be entitled. Each party expressly waives all rights which she or he may now or may hereafter have pursuant to any provisions of the Estates, Powers and Trust Law of the State of New York and the laws of any State or country which may have jurisdiction over the estate of either party hereto on his or her death, as now or hereafter in effect." The last clause states "This Agreement shall be binding upon the parties hereto, and their respective heirs, executors, administrators, successors and assigns."

A few months after executing this Separation Agreement, in June of 2018, decedent executed a quit-claim deed which transferred all of his interest as a joint tenant with

---

[1] It must be noted that he could not actually sell the property without his mother's consent, or an order in a partition action, as she was a co-owner. The representation that the husband and wife owned the property was incorrect. It is not known who drafted this agreement, but counsel for one of the parties informed the court that the notaries were employed by the Romuald P. Magda Law Office, defendant's prior attorneys in this action. On this date, decedent and his mother owned the house as joint tenants with rights of survivorship.

[* 2]

defendant, his mother, to his mother alone. This deed was notarized by Romuald P. Magda, Esq., defendant's prior attorney in this action. In July of 2018, plaintiff filed for divorce, in Kings County, under index number 53448/2018. By the date the divorce action was commenced, the deed had been recorded. It is not known when plaintiff learned of the transfer. On or about April 26, 2019, plaintiff's attorney filed a motion in the matrimonial action for, among other things, an order "joining [defendant] as a third-party defendant, and for an order that decedent had "transmuted the marital residence from separate to marital property, and therefore the [defendant] holds a constructive trust," . . . or, should the court find no transmutation, for an order enforcing the Marriage Settlement Agreement of the parties," or, in the alternative, "for an order reimbursing the [plaintiff wife] for 50% of the debt and tax reduction during the marriage and 50% of the appreciation" and for other relief. The court (Part 5M-IDV2) issued a decision on November 15, 2019, which concluded that the case was scheduled for trial on January 15, 2019, and that "all issues in the wife's application herein are reserved for trial." Decedent passed away on November 20, 2019, and the divorce action could not continue. Plaintiff was issued restricted Letters of Administration for her husband's estate by the Surrogate's Court, Kings County, on June 3, 2020, file 2020-491.

This action was commenced on July 6, 2020 by the electronic filing of a summons and complaint and a notice of pendency. There are two causes of action asserted in the complaint: fraudulent conveyance and constructive trust. Plaintiff filed an order to show cause [August 2020] seeking a stay of the Housing Court eviction action which defendant had brought against plaintiff, requesting the TRO to remain in place until a decision has been issued in this action "resolving the true owner of the marital property." Defendant answered the complaint [Doc 24] and asserted counterclaims in September of 2020. They are for use

[* 3]

and occupancy, unjust enrichment, an accounting, and sanctions for bringing a frivolous action. The motion was argued, and this court issued a decision dated October 7, 2020, which granted the motion for a stay, but provided conditions, specifically that "plaintiff shall not interfere in the rental of the upstairs apartment by defendant or her agents" and "plaintiff shall not interfere with the showing of the house for sale, except she is not required to allow people into her apartment during the Covid-19 Pandemic."

Discovery commenced. In April of 2021, defendant's attorney filed an order to show cause (MS #2) which sought an order vacating the stay of the Housing Court proceeding, vacating the Notice of Pendency, and granting defendant summary judgment dismissing the complaint. This court heard oral argument and issued an order dated June 28, 2021 [Doc 90] which denied the branch of defendant's motion for summary judgment dismissing the action, concluding that defendant had failed to make a prima facie case; denied the branch of the motion which sought an order vacating the notice of pendency; and denied the branch of the motion which sought an order lifting the stay of the eviction proceeding pending in Housing Court. The last sentence in that order contains *dicta* which should not have been included, and which seems to be inaccurate. It is hereby stricken, *nunc pro tunc.*

Defendant changed attorneys a few months later, and discovery proceeded. Plaintiff's attorney then brought motion seq. #3, to strike defendant's answer for failing to comply with discovery, on October 13, 2022. This motion was heard in CCP, and an order was issued dated November 21, 2022, which states that defendant failed to appear or oppose the motion, and that the motion to strike defendant's answer was denied, but defendant had to appear for a deposition and to respond to plaintiff's discovery demands by specified dates.

Defendant's attorney filed an order to show cause on October 20, 2022, which was signed on November 30, 2022 due to delays in the ex parte office and assigned motion

sequence #4.  This court heard oral argument and issued an interim order [Doc 158] on June 15, 2023, which is in the form of a so-ordered stipulation, and, following an adjournment to August 10, 2023, a final order resolving motion seq. #4 [Doc 179]. The provisions primarily are addressed to the renting of the upstairs vacant apartment, and the provisions which had been included in the October 2020 order.  The August 10, 2023 Order modified the October 2020 order to remove the language about not letting people into plaintiff's apartment during the Pandemic and added that "neither plaintiff nor defendant shall speak to prospective buyers.  The broker shall conduct all communications with the parties and prospective purchasers." The court has e-filed the transcript of the oral argument [Doc 207] as the chronology of events, among other things, were placed upon the record.

At the August 10, 2023 oral argument, counsel for plaintiff stated that the balance owing on the two mortgages is about $450,000, that both mortgages are in foreclosure, that the house is worth about $1,100,000, so there is about $600,000 in equity, and that his client believes that the imposition of a constructive trust will result in her entitlement to ownership of the entire house, and that if it is sold while this case is pending, that she will be entitled to all of the proceeds.  She believes she can establish at trial that defendant did not contribute any funds toward the purchase of the house, that she and her husband paid all of the expenses, including all of the mortgage payments, and that since he has passed away, she has paid all of the expenses on her own.  Plaintiff does not believe that the Separation Agreement is an enforceable agreement.  She is not willing to accept the $80,000 she agreed to accept in the Separation Agreement.  She does not want to sell the house, but counsel acknowledged that she cannot qualify for a mortgage to refinance the mortgages on the property.  She believes she is entitled to own the entire house as decedent's surviving spouse. Defendant has an entirely different version of the facts, and claims that she paid the

[* 5]

downpayment and closing expenses.

The first mortgage was recently (2022) assigned to Wilmington Savings Fund Society FSB. Document 155 is a copy of a Forbearance Agreement which plaintiff, described therein as Aneta Balkun, signed on December 20, 2022. It is noted that she is not a borrower under the mortgage.

The compliance conference order issued on April 6, 2023 provides that the Final Pre-Note Conference will be held on April 4, 2024.

**This Motion**

Oral argument on this motion was held on September 7, 2023 and decision was reserved. The branch of the motion which requests a so-ordered subpoena to the court reporting company that had prepared the transcript of the deposition of the plaintiff in the divorce action was denied on the record and is denied. The branch of the motion which requested a so-ordered subpoena for the matrimonial file from the attorney Dariusz Marzec, Esq. who represented plaintiff in the matrimonial action was withdrawn on the record. Mr. Marzec's motion (seq. #6) for a "retaining lien" for his legal fees was withdrawn and the court informed Mr. Marzec, who appeared in court to oppose the branch of the motion that was addressed to the subpoena that he had been served, that he should file a claim against the estate in Surrogate's Court.

The branch of the motion which asks the court to conduct an *in-camera* review of the matrimonial file, and for the release of documents relevant to this action, is granted to the following extent. The court has reviewed the file, *in camera*. Defendant is entitled to a copy of the summons and complaint, which, in the wherefore clause, the request is that the marital property be distributed pursuant to the separation agreement. Defendant is also entitled to a copy of the plaintiff's motion to add defendant as a third-party to the matrimonial action,

[* 6]

along with the exhibits to that motion and the decision and order issued by the court. The court will provide copies to both attorneys shortly, by e-mail. These documents should not be e-filed in the NYSCEF system. Both parties already have copies of the Separation Agreement. There is nothing else in the matrimonial file which relates to this dispute.

Finally, the court must address the branch of the motion which seeks an order dismissing the claims in the complaint to the extent they are asserted by the plaintiff as Administrator of the Estate of Lukasz Swierczek. Counsel for defendant avers that these claims should be dismissed as plaintiff "is improperly conflicted." The court finds that there is not one word in the complaint that is in fact asserted on behalf of the Estate, and thus this branch of the motion is granted.

The cause of action which claims that there was a fraudulent conveyance (as regards the 2018 deed) asserts, at Paragraph 22, that "Husband fraudulently transferred his interest in the marital residence." Then, at Paragraph 34 "Defendant accepted the transfer knowing that she did not provide the adequate consideration for the transfer." And, at Paragraph 36, "Husband's transfer of his interest in the Marital Residence to Defendant was intended to defeat Aneta's rights of equitable distribution if the parties did in fact divorce." Plaintiff avers that [Par. 38] "Despite due demand, defendant has neglected, failed, and refused to surrender Husbands interest in the Marital Residence to Aneta. As set forth herein, the Marital Residence was fraudulently transferred by Husband to Defendant."

It must be noted that the complaint fails to state which statute this claim is made under. Before this action was commenced, New York's Debtor and Creditor Law was repealed and replaced with a new statute. But this is of no moment, as the claims are all asserted against the decedent, not on his behalf. As such, plaintiff cannot represent the estate's interests in this action while asserting claims against the decedent. The wife is

[* 7]

essentially asserting claims against the husband's estate as a creditor, which is a position contrary to that of someone representing the Estate (see *Kasinski v Questel*, 99 AD2d 396 [4th Dept 1984]). In fact, the Estate should be a defendant in this action, and plaintiff should not be the estate representative.

The new statutes are called the Uniform Voidable Transactions Act, which became effective on December 6, 2019, and were in effect when this action was commenced. They are located at a new Article 10 of the NY Debtor and Creditor Law.

To be clear, the transferee of a zero-consideration transfer is a proper defendant for a fraudulent conveyance claim (*Emirates NBD Bank P.J.S.C. v Sys. Construct LLC*, 2022 NY Slip Op 30489[U] [Sup Ct, NY County 2022]). Ordinarily, the transferor is also a party defendant. Since he has since passed away, it is not clear whether his estate is a necessary party defendant. It certainly is not a plaintiff.

With regard to the cause of action for a constructive trust, again, there are no claims asserted in the complaint on behalf of the Estate. The claims assert a claim against the defendant for the imposition of a constructive trust on the property, which are presumably asserted with regard to the 2005 deed. There are essential elements which must be shown to establish a constructive trust at trial. These elements are: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, (4) breach of the promise, and (5) unjust enrichment (*Bontecou v Goldman*, 103 AD2d 732, 733 [2d Dept 1984]). Here, it is not known if defendant was added to the deed to enable the decedent to qualify for the mortgage, or if the defendant had made a promise to her son to not to assert an ownership interest in the house (*Reiner v Reiner*, 100 AD2d 872 [2d Dept 1984]). In *Reiner,* the court found that the family ties constituted a fiduciary relationship, that there was an implied promise that the parents would not assert an ownership interest in the home, that the wife

[* 8]

had relied on that promise in permitting the transaction, and the parents, who had not made any mortgage payments, would otherwise receive a windfall with no expenditure on their part. The Appellate Division held that the Supreme Court had erred in denying the wife's the imposition of a constructive trust on the house. Here, however, there are triable issues of fact, as defendant claims she made the downpayment and paid the closing expenses, and that it was her son who was added to the deed and mortgage because she was the one who couldn't qualify for the mortgage, but that it was supposed to be her house, not his.

The court notes that the complaint fails to seek damages for the sums plaintiff has been paying while this litigation proceeds, to keep the house from being foreclosed on, and for repairs, real estate taxes, water, sewer, and the like, which she is entitled to be reimbursed for if the house is sold. As plaintiff's attorney acknowledged that there are two foreclosures pending, one for each mortgage, and that she cannot qualify for a refinance, the house may have to be sold. While plaintiff may owe defendant use and occupancy, which defendant has asserted in a counterclaim, plaintiff is entitled to amend the complaint to seek damages for the upkeep of the property. Perhaps the plaintiff would like to amend the complaint to track the language in the new Debtor and Creditor law. If plaintiff wishes to do so, as pleadings are freely amendable before the note of issue is filed, she should file a motion for leave to amend the complaint.

## Conclusions of Law

Accordingly, it is

**ORDERED** that the branch of the defendant's motion (MS #5) for an order "allowing for review of the matrimonial action" is granted solely to the extent that the court shall send the attorneys for the parties herein copies of the summons and complaint in the matrimonial action and a complete copy of the plaintiff's motion (seq. #3 in that action) to, inter alia, add

[* 9]

the defendant as a third-party defendant and assert claims against her with regard to imposing a constructive trust on the property at issue herein; and it is further

**ORDERED** that the branch of the defendant's motion for an order "dismissing any and all claims brought by Aneta Swierczek on behalf of and as Administrator of The Estate of Lukasz Swierczek" is granted and the caption is amended accordingly to reflect that the plaintiff is solely Aneta Swierczek; and it is further

**ORDERED** that the branch of the defendant's motion to compel compliance with the subpoena served on Dariusz Marzec, Esq. is moot, as it was withdrawn on the record; and it is further

**ORDERED** that the branch of the defendant's motion for a so-ordered subpoena compelling Lexitas Court Reporting to provide a transcript of the plaintiff's deposition in the matrimonial action is denied.

This constitutes the decision and order of the court.

Dated:  December 26, 2023

**E N T E R :**

_____

**Hon. Debra Silber, J.S.C.**